UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HAMILTON,

    Plaintiff,

v.                                        Case No. 23-12162

DURHAM SCHOOL SERVICES, LP, *et al.*,    Sean F. Cox
                                            United States District Court Judge

    Defendants.
_____/

## ORDER
## DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE-LAW CLAIMS AND DENYING MOTION TO DISMISS AS MOOT

Plaintiff Joseph Hamilton filed this action against the following three Defendants: 1) Durham School Services, LP ("Durham Schools"); 2) National Express LLC ("National Express"); and 3) HireRight Holdings Corporation d/b/a HireRight, LLC ("HireRight"). The action was filed in federal court based upon federal-question jurisdiction over Plaintiff's claims under the federal Americans with Disabilities Act. Plaintiff asks the Court to exercise supplemental jurisdiction over Plaintiff's state-law claims.

Defendant HireRight filed a Motion to Dismiss on October 23, 2023. This Court issued its standard order, giving Plaintiff the option of either filing a response to the motion or filing an amended complaint, in order to attempt to cure any pleading deficiencies. Plaintiff opted to file a First Amended Complaint, which he filed on October 24, 2023.

Plaintiff's First Amended Complaint asserts claims against the same three Defendants. It asserts the following six counts: 1) "Discriminatory Medical Examination In Violation Of The

1

ADA, 42 U.S.C. § 12112 (against Durham School Services and National Express)" (Count 1); 2) "Disparate Treatment Because Of Disability In Violation Of The ADA, 42 U.S.C. § 12112 (against Durham School Services and National Express)" (Count 2); 3) "Discriminatory Medical Examination In Violation Of The Persons With Disabilities Civil Rights Act, M.C.L. §§ 37.1101 Et Seq. (against all Defendants)" (Count 3); 4) "Disparate Treatment In Violation Of Michigan's Persons With Disabilities Civil Rights Act (against all Defendants)" (Count 4); 5) "Retaliation In Violation Of The ADA (against Durham School Services and National Express)" (Count 5); and 6) "Retaliation In Violation Of The PWDCRA (against Durham School Services and National Express)" (Count 6).  Thus, only Counts 3 and 4 (state-law claims under Michigan's PWDCRA) are asserted against Defendant Hireright.

On November 16, 2023, Defendant Hireright filed a Motion to Dismiss Plaintiff's First Amended Complaint.

The pending Motion to Dismiss is brought by Defendant HireRight alone.  The only claims asserted against Defendant HireRight in this case are Plaintiff's state-law claims under Michigan's PWDCRA.  Plaintiff asks this Court to exercise supplemental jurisdiction over those claims, based upon this Court's federal-question jurisdiction over his federal ADA claims against Defendants Durham Schools and National Express.

HireRight's Motion to Dismiss includes several challenges to the PWDCRA claims asserted against it, but its threshold argument is that HireRight is not a proper defendant under Michigan's PWDCRA.

The parties agree that *McClements v. Ford Motor Co.*, 473 Mich. 373 (2005) controls as to this issue.  But they disagree as to its application under the particular facts presented in this

2

case.

Having reviewed the parties respective positions, this Court concludes that this is a novel issue under Michigan law and it will therefore decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, leaving only Plaintiff's ADA claims against Defendants Durham Schools and National Express to proceed in this case.

The supplemental jurisdiction statute, 28 U.S.C. § 1367, provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; 3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion. *Soliday v. Miami Cnty.*, Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).

Whether Plaintiff can assert a PWDCRA claim against Defendant HireRight under the facts alleged here presents a novel issue of state law that has not been squarely addressed by Michigan courts. Both parties have made well-reasoned arguments in favor of their respective positions. Neither of them, however, have directed the Court to any cases with facts analogous those alleged here. Under circumstances like this, the issue is better left for the state court to decide. *Weser v. Goodson*, 865 F.3d 507, 519 (6th Cir. 2020) (vacating judgment on state-law claims and remanding to district court with instructions to decline to exercise supplemental jurisdiction over claims that presented novel issues of state law).

Accordingly, the Court DECLINES TO EXERCISE SUPPLEMENTAL JURISDICTION

over Plaintiff's state-law claims under Michigan's PWDCRA and DISMISSES Counts III, IV, and VI WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that, given that ruling, Defendant HireRight's Motion to Dismiss is DENIED AS MOOT and the hearing previously scheduled for February 15, 2024, is CANCELLED.

IT IS SO ORDERED.

                                                          s/Sean F. Cox
                                                        Sean F. Cox
                                                        United States District Judge

Dated: February 8, 2024