UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HAMILTON,

    Plaintiff,

v.                                                                  Case No. 23-12162

DURHAM SCHOOL SERVICES, LP, *et al.*,         Sean F. Cox
                                                    United States District Court Judge

    Defendants.
_____/

## ORDER DENYING
## PLAINTIFF'S MOTION TO REINSTATE STATE-LAW CLAIMS

Plaintiff Joseph Hamilton filed this action against the following three Defendants: 1) "Durham School Services, LP;" 2) "National Express LLC;" and 3) "HireRight Holdings Corporation d/b/a HireRight, LLC." (*See* Captions of Compl. and Am. Compl.) The action was filed in federal court based upon federal-question jurisdiction over Plaintiff's claims under the federal Americans with Disabilities Act. (*See* Compl. at ¶ 7; Am. Compl. at ¶ 7).

Plaintiff asserts the following claims against Defendants: 1) "Discriminatory Medical Examination In Violation Of The ADA, 42 U.S.C. § 12112 (against Durham School Services and National Express)" (Count 1); 2) "Disparate Treatment Because Of Disability In Violation Of The ADA, 42 U.S.C. § 12112 (against Durham School Services and National Express)" (Count 2); 3) "Discriminatory Medical Examination In Violation Of The Persons With Disabilities Civil Rights Act, M.C.L. §§ 37.1101 Et Seq. (against all Defendants)" (Count 3); 4) "Disparate Treatment In Violation Of Michigan's Persons With Disabilities Civil Rights Act (against all Defendants)" (Count 4); 5) "Retaliation In Violation Of The ADA (against Durham School

1

Services and National Express)" (Count 5); and 6) "Retaliation In Violation Of The PWDCRA (against Durham School Services and National Express)" (Count 6). Thus, only Counts 3 and 4 (state-law claims under Michigan's PWDCRA) are asserted against Defendant Hireright.

On November 16, 2023, Defendant Hireright filed a Motion to Dismiss Plaintiff's First Amended Complaint.

The pending Motion to Dismiss was brought by Defendant HireRight alone. The only claims asserted against Defendant HireRight in this case are Plaintiff's state-law claims under Michigan's PWDCRA.

As explained in this Court February 8, 2024 Order, this Court concluded that HireRight's Motion to Dismiss raised a novel issue under Michigan law. This Court declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, and dismissed them without prejudice, leaving only Plaintiff's ADA claims against Defendants Durham Schools and National Express to proceed in this case.

On February 8, 2024, Plaintiff filed a motion, asking this Court to reconsider its ruling and reinstate his state-law claims. (ECF No. 27). Plaintiff's motion correctly notes that, in addition to asserting federal-jurisdiction over this action, Plaintiff's complaint also asserted that this Court has diversity jurisdiction over this action.

It is true that Plaintiff's Complaint and Amended Complaint also asserted that this Court has diversity jurisdiction over this action. (*See* Compl. at ¶ 9; Am. Compl. at ¶ 9).

Plaintiff's pending motion asserts that "the parties are diverse and no litigant has suggested otherwise." (Pl.'s Motion at 3). Plaintiff asserts that "Plaintiff properly alleged the diversity requirements" and because diversity jurisdiction exists, this Court cannot decline to

2

exercise diversity jurisdiction over his state-law claims.

**Absent the existence of diversity jurisdiction, this Court concludes that Plaintiff's state-law claims present novel issues that are better addressed by the state courts. And, as explained below, this Court disagrees that Plaintiff's complaints properly alleged the diversity requirements**.

Because subject matter jurisdiction may be challenged at any time, even on appeal after the district court case has concluded, the Sixth Circuit has stressed that it expects parties to be "meticulous" as to jurisdictional allegations. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).

Under 28 U.S.C. §1332(a), the two requirements for diversity jurisdiction are: 1) that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and 2) that complete diversity of citizenship exists between the disputing parties.

Plaintiff's complaint lacks allegations sufficient to establish even his own citizenship. Plaintiff alleges only that he "is a 65-year-old man who lives and works in New Mexico," and that the events in this case occurred in Michigan, where Plaintiff worked (and presumably resided) for a number of years as a school bus driver. (Compl. at ¶ 1 & 10 & 14-23; Am. Compl. at ¶ 1 & 10 & 14-23). In *Prime Rate*, the Sixth Circuit explained why such allegations are insufficient to establish an individual's citizenship:

> But "it has long been settled that residence and citizenship [are] wholly different things." *Steigleder v. McQuesten*, 198 U.S. 141, 143, 25 S.Ct. 616, 49 L.Ed. 986 (1905). "[A] mere averment of residence" does not aver citizenship, *id.*, so "[w]hen the parties allege residence but not citizenship, *the court must dismiss the suit*," *Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). Citizenship instead turns on "domicile." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). "Domicile," a legal term of art, requires that a person both be present in a state and have "the intention to make his home there indefinitely

or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973).

*Prime Rate Prem. Fin. Corp.*, 930 F.3d at 765. (emphasis added).

Plaintiff's complaints also failed to allege the citizenship of Defendants. There are three named Defendants in this case: 1) Durham School Services, LP; 2) National Express LLC; and 3) HireRight Holdings Corporation d/b/a HireRight, LLC. As to these entities, the body of Plaintiff's complaints allege that:

> 2. Durham School Services, LP, doing business as Durham School Services, is a transportation company registered to do business in Michigan with its principal place of business in Illinois.
>
> 3. National Express, LLP [sic] is a national transportation company that wholly owns Durham School Services, LP and is registered to conduct business in Michigan. It is incorporated in Delaware and has its principal place of business in Illinois.
>
> 4. HireRight Holdings Corporation, doing business in Michigan as HireRight, LLC, is an entity incorporated in Delaware and has its principal place of business in Tennessee.

(Compl. at ¶ 2-4; Am. Compl. at ¶ 2-4).

Durham School Services, LP is a limited partnership. (*Id.; see also* ECF No. 15 at 2) ("Durham admits that" it is a "limited partnership."). National Express is a limited liability company. (*Id.*) "National Express admits" that it is a "limited liability company.").

For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation." *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 F. App'x. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group*, *LLC*, 585 F.3d 1003 (6th Cir. 2009). That is because "LLCs are *not* corporations, and different pleading rules apply when these entities are parties to a diversity suit." *Akno 1010 Mkt. St. St. Louis, Missouri, LLC v. Pourtaghi,* 43 F.4th 624, 627 (6th

4

Cir. Aug. 8, 2022). Thus, "[a]lleging that an LLC is organized under the laws of a certain state," or has its principal place of business in a certain state, "does nothing to establish its citizenship. Rather, LLCs have the citizenships of their members and sub-members." *Id.* "Thus, when an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member." *Id.*

The same is true of limited partnerships. For purposes of diversity jurisdiction, a limited partnership is deemed to be a citizen of every state where its general and limited partners reside. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

"The party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships" and that "means that a plaintiff" "must *fully allege the citizenship of each party*." *Akno,* 43 F.4th at 627. (emphasis added). Plaintiff's complaint does not do so.

Accordingly, Plaintiff's motion seeking reconsideration of this Court's ruling, and asking this Court to reinstate his state-law claims based upon diversity jurisdiction, is **DENIED.**

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: February 13, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 13, 2024, by electronic and/or ordinary mail.

s/Jennifer McCoy
Case Manager